IN THE MATTER OF: THE APPEAL OF: MARATHON HOLDINGS, LLC, PROPERTY BY THE 2007 WAKE COUNTY BOARD OF COUNTY COMMISSIONERS

IN THE MATTER OF: THE APPEAL OF: MARATHON HOLDINGS, LLC, FROM THE DECISION OF THE WAKE COUNTY BOARD OF COUNTY COMMISSIONERS CONCERNING TAXATION OF TANGIBLE PERSONAL PROPERTY FOR TAX YEAR 2005

IN THE MATTER OF: THE APPEAL OF: MARATHON HOLDINGS, LLC, FROM THE DECISION OF THE WAKE COUNTY BOARD OF COUNTY COMMISSIONERS CONCERNING TAXATION OF TANGIBLE PERSONAL PROPERTY FOR TAX YEAR 2008

No. COA10-1275

(Filed 5 April 2011)

**1. Taxes— North Carolina Property Tax Commission—valuation of airplanes—denial of motion to permit testimony of Commission member—properly denied**

The North Carolina Property Tax Commission did not err in an appeal from the valuation of three airplanes belonging to taxpayer by denying taxpayer's motion to permit the testimony of a Commission staff member. 17 N.C.A.C. 11.0219 does not require

IN RE APPEAL OF MARATHON HOLDINGS, LLC

[210 N.C. App. 752 (2011)]

the Commission to make findings in denying a motion to permit testimony from a staff member and the testimony sought was not necessary to prevent manifest injustice to taxpayer.

**2. Taxes—North Carolina Property Tax Commission—constitutional challenges—valuation of airplanes—no contention that decision not supported by substantial evidence**

Taxpayer's argument in an appeal from the North Carolina Property Tax Commission concerning the valuation of three of taxpayer's airplanes that N.C.G.S. § 105-274(a) violates the uniformity requirements of the North Carolina Constitution and the equal protection clause of the United States Constitution was overruled. Taxpayer did not contend that any portion of the Commission's decision was not supported by substantial evidence or otherwise unlawful in any specific way.

Appeal by Taxpayer from final decisions entered 20 April 2010 by the Property Tax Commission sitting as the State Board of Equalization and Review. Heard in the Court of Appeals 8 March 2011.

*Yates, McLamb, & Weyher, LLP, by T. Carlton Younger, III, for Taxpayer.*

*Office of the Wake County Attorney, by Assistant County Attorney Lucy Chavis and Deputy County Attorney Roger A. Askew, for Wake County.*

STEPHENS, Judge.

After receiving tax notices from the Wake County Revenue Department ("the Revenue Department") for three aircraft, Taxpayer Marathon Holdings, LLC, filed applications with the Wake County Board of Equalization and Review ("the County Board") appealing the valuations on 17 July 2008 (08 PTC 473), 13 December 2007 (08 PTC 032), and 14 May 2009 (09 PTC 308). The County Board affirmed the decision of the Revenue Department, and Taxpayer filed applications for hearings before the Property Tax Commission ("the Commission"), sitting as the State Board of Equalization and Review. Taxpayer asserted that the relevant taxation statute was unconstitutional. On 19 March 2010, the Commission held a hearing on the matters. Prior to the proceedings, Taxpayer filed a motion to permit testimony from Kirk Boone, a Commission staff member. The Commission heard and denied the motion before the hearing. On 20 April 2010, the Commission issued its final agency decisions upholding the County

Board's decisions in all three matters. Taxpayer appeals the final agency decisions, arguing that (I) the Commission erred in denying its motion to permit Boone's testimony, and (II) N.C. Gen. Stat. § 105-274(a) violates the uniformity requirements of the North Carolina Constitution and the equal protection clause of the United States Constitution. For the reasons discussed herein, we affirm the Commission's decisions.

*Standard of Review*

Our General Statutes provide for appeal from Commission decisions to this Court as follows:

> (b) So far as necessary to the decision and where presented, the court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning and applicability of the terms of any Commission action. The court may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:

> (1) In violation of constitutional provisions; or

> (2) In excess of statutory authority or jurisdiction of the Commission; or

> (3) Made upon unlawful proceedings; or

> (4) Affected by other errors of law; or

> (5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or

> (6) Arbitrary or capricious.

N.C. Gen. Stat. § 105-345.2 (2009). As this Court has noted:

> "The duties of the [Property Tax] Commission are quasi-judicial in nature and require the exercise of judgment and discretion." *In re Appeal of Interstate Income Fund I*, 126 N.C. App. 162, 164, 484 S.E.2d 450, 451 (1997) (citing *In re Appeal of Amp, Inc.*, 287 N.C. 547, 561, 215 S.E.2d 752, 761 (1975)). The Commission has the authority and responsibility "to determine the weight and sufficiency of the evidence and the credibility of the witnesses, to draw inferences from the facts, and to appraise conflicting and

circumstantial evidence." *Id.* (quoting *In re McElwee*, 304 N.C. 68, 87, 283 S.E.2d 115, 126-27 (1981)).

*In re Philip Morris U.S.A.*, 130 N.C. App. 529, 532, 503 S.E.2d 679, 681, *cert. denied*, 349 N.C. 359, 525 S.E.2d 456 (1998). The function of an "appellate court is to decide all relevant questions of law and interpret constitutional and statutory provisions to determine whether the decision of the Commission is, *inter alia*, affected by errors of law." *MAO/Pines Association, Ltd. v. New Hanover County Board of Equalization*, 116 N.C. App. 551, 556, 449 S.E.2d 196, 200 (1994) (citing N.C. Gen. Stat. § 105-345.2). In reviewing final agency decisions from the Commission, we apply the whole record test, under which we may not

> replace the [Commission's] judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it *de novo* (citation omitted). On the other hand, the "whole record" rule requires the court, in determining the substantiality of evidence supporting the [Commission's] decision, to take into account whatever in the record fairly detracts from the weight of the [Commission's] evidence. Under the whole evidence rule, the court may not consider the evidence which in and of itself justifies the [Commission's] result, without taking into account the contradictory evidence or evidence from which conflicting inferences could be drawn (citation omitted).

*In re McElwee*, 304 N.C. at 87-88, 283 S.E.2d at 127. "If the Commission's decision, considered in the light of the foregoing rules, is supported by substantial evidence, it cannot be overturned." *In re Philip Morris U.S.A.*, 130 N.C. App. at 533, 503 S.E.2d at 682.

### Denial of Motion

[1] Taxpayer first argues that the Commission erred in denying its motion to permit Boone's testimony. We disagree.

Section 105-345.1(a) provides: "On appeal the court shall review the record and the exceptions and assignments of error in accordance with the rules of appellate procedure, and any alleged irregularities in procedures before the Property Tax Commission, not shown in the record, shall be considered under the rules of appellate procedure." As Taxpayer concedes, the Commission's Rule 17 N.C.A.C. 11.0219 provides that "[n]o member of the staff of the Commission may be called as a witness in a proceeding before the Commission unless the

Commission shall first find that the testimony of a staff member is necessary to prevent manifest injustice to a party." 17 N.C.A.C. 11.0219 (2010). However, Taxpayer contends that the Commission erred in summarily denying its motion "without comment or explanation" and asserts that the Commission should have undertaken inquiry or attempted to make findings in response to the motion. Taxpayer acknowledges that there is no case in this State holding that the Commission must make findings when denying such a motion and we agree. We further note that the plain language of the Commission's rule does not require it to make findings in ruling on such a motion. At most, it suggests that a finding of necessity is required before it allows a staff member to be called as a witness. Here, the Commission did not permit a staff member to be called and, thus, no finding regarding necessity would be required. Nor does the Rule specify any set amount of time the Commission must spend considering such a motion.

In oral argument before the Commission on the motion, Taxpayer asserted that, because Boone taught classes across the State to county tax assessors, he could testify that the tax statutes were applied inconsistently from county to county, thus supporting Taxpayer's equal protection argument. In response, Deputy County Attorney Shelley T. Eason stated that Boone's teaching experience did not provide Boone with any first-hand knowledge about how counties handled property valuation and taxation. The Commission then recessed for five minutes to consider the motion before going back on the record to deny it. This recess indicates that the decision here, while quick, was not "summary," as the Commission did consider Taxpayer's motion.

We also note that the Commission's Rule 17 N.C.A.C. 11.0218 permits parties to engage in discovery to develop and present relevant evidence at hearings. Thus, Taxpayer could have used this rule to depose or subpoena tax assessors from various counties in the State to develop evidence about the consistency of tax valuation across the State such as that Taxpayer contended Boone could provide. Where Taxpayer failed to avail itself of the opportunity to obtain the same or similar evidence as Boone could provide, we do not believe that Boone's testimony was necessary to prevent manifest injustice to Taxpayer.

In sum, we do not read 17 N.C.A.C. 11.0219 as requiring the Commission to make findings in denying a motion to permit testi-

**IN RE APPEAL OF MARATHON HOLDINGS, LLC**

[210 N.C. App. 752 (2011)]

mony from a staff member. We conclude that the testimony sought was not necessary to prevent manifest injustice to Taxpayer. This argument is overruled.

### Constitutionality of Taxation Statute

[2] Taxpayer also argues that N.C. Gen. Stat. § 105-274(a) violates the uniformity requirements of the North Carolina Constitution and the equal protection clause of the United States Constitution. However, in its brief, Taxpayer states that it raises this issue in "preservation," and that the issue "may only be fully considered, analyzed, and argued following the proffered testimony of" Commission staff member Boone. Perhaps for this reason, this portion of Taxpayer's brief lacks any citations to authority or argument as required by Rule 28(b)(6) of our Rules of Appellate Procedure. Taxpayer does not contend that any portion of the Commission's decision is not supported by substantial evidence or otherwise unlawful in any specific way, and accordingly, we affirm. *See In re Philip Morris U.S.A.,* 130 N.C. App. at 533, 503 S.E.2d at 682.

Affirmed.

Judges ERVIN and BEASLEY concur.